**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CINDY HUNG, deceased; et al., | No. 12-16257 |
| Plaintiffs - Appellants, | D.C. No. 3:11-cv-04990-WHA |
| v. | |
| TRIBAL TECHNOLOGIES and GLENBOROUGH 400 ECR, LLC, a California limited liability company, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted May 15, 2014
San Francisco, California

Before: GRABER, W. FLETCHER, and PAEZ, Circuit Judges.

Li Ching Chu and Robert Ching Liang Hung, individually and as successors

in interest to decedent Cindy Hung (collectively, "Plaintiffs"), appeal the district

court's grant of Defendants' Tribal Technologies, Inc. ("Tribal") and Glenborough

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

400 ECR, LLC's ("Glenborough") motions to dismiss for lack of subject matter jurisdiction. Plaintiffs also appeal the district court's denial of their motion for leave to amend their complaint. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings.

The district court's March 27, 2012 order denied Plaintiffs' first motion for leave to file an amended complaint because Plaintiffs had named three Doe defendants. Plaintiffs' subsequent second proposed amended complaint, dated April 15, 2012, eliminated all Doe defendants as parties. Nonetheless, the court denied Plaintiffs' motion for leave to amend because "Plaintiffs ha[d] removed all references to Doe defendants and replaced them with the term 'Agents.'" The April 15, 2012 complaint, however, does not refer to a party as "Agent" or by any other fictitious name. The only two defendants listed in the title of the April 15, 2012 complaint are Tribal and Glenborough. *See* Fed. R. Civ. P. 10(a) (requiring that "[t]he title of the complaint must name all the parties"). Although Plaintiffs refer to "agents" and "employees" in the text of the complaint, it was error for the district court to construe these references as substitutes for "Doe" defendants. We therefore conclude that the district court abused its discretion when it denied Plaintiffs' motion for leave to file their second proposed amended complaint.

Because the district court dismissed Plaintiffs' action, it did not rule on Glenborough's outstanding request to stay the case pending resolution of Plaintiffs' related state court case. On remand, the court should do so.

**REVERSED AND REMANDED.**